UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT ALLEN NEWELL,

    Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

Hon. Robert J. Jonker

Case No. 1:23-cv-131

# REPORT AND RECOMMENDATION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act.

Section 405(g) limits the Court to a review of the administrative record and provides that, if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. Plaintiff seeks review of the Commissioner's decision, arguing that it is not supported by substantial evidence.

Pursuant to 28 U.S.C. § 636(b)(1)(B), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of social security appeals, I recommend that the Commissioner's decision be **affirmed**.

## STANDARD OF REVIEW

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human*

*Servs.*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards and whether there exists in the record substantial evidence supporting the decision. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). Fact finding is the Commissioner's province, and those findings are conclusive provided substantial evidence supports them. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla but less than a preponderance. *See Cohen v. Sec'y of Dept. of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In applying this standard, a court must consider the evidence as a whole, while accounting for any evidence that fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). The substantial evidence standard contemplates a zone within which the decision maker can properly rule either way without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). This standard affords the administrative decision maker considerable latitude and precludes reversal simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## **PROCEDURAL POSTURE**

Plaintiff protectively filed applications for DIB and SSI on January 27, 2021, alleging that he became disabled as of January 1, 2019, due to back problems, high blood pressure, diabetes type 2, hyperglycemia, torn anterior cruciate ligament, ulcers, trigger finger, high cholesterol, and

depression.[1] (PageID.347, 523–24, 530–37.) Plaintiff was age 44 at the time of his alleged onset date and age 46 when he filed his applications. (PageID.347.) He had earned a GED and had past work as a painter. (PageID.594.) Plaintiff's application was denied initially and on reconsideration, and he requested a hearing before an Administrative Law Judge (ALJ).

On March 9, 2022, ALJ Brian Burgtorf held a hearing and received testimony from Plaintiff and Marnie South, an impartial vocational expert (VE). (PageID.303–323.) On May 4, 2022, the ALJ issued a written decision finding that Plaintiff was not entitled to benefits because he was not disabled from his alleged onset date through the date of the decision. (PageID.34–47.) The Appeals Council denied Plaintiff's request for review on December 21, 2022. (PageID.22–24.) The ALJ's ruling thus became the Commissioner's final decision. *See Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 434 (6th Cir. 2007). Plaintiff timely initiated this civil action for judicial review on February 1, 2023.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[2] If the Commissioner can make a

---

[1] Plaintiff previously filed DIB and SSI applications for the period January 15, 2016, through November 29, 2018. Administrative Law Judge Donna J. Grit denied Plaintiff's claim for benefits following a hearing. (PageID.329–39.) Plaintiff did not seek judicial review of the decision.

[2]
1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. §§ 404.1520(d), 416.920(d));

3

dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that, if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and he can satisfy his burden by demonstrating that his impairments are so severe that he is unable to perform his previous work, and cannot, considering his age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which his residual functional capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

After determining that Plaintiff met the insured status requirements of the Act through December 31, 2021, and had not engaged in substantial gainful activity since his alleged onset date of January 1, 2019, the ALJ found that Plaintiff suffered from severe impairments of degenerative disc disease of the lumbar spine; bilateral knee degenerative joint disease with remote history of left anterior cruciate ligament repair; chronic right anterior cruciate ligament tear; tri-compartment

---

4. If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

osteoarthritis of the left knee; obesity; mood disorder; generalized anxiety disorder; attention deficit hyperactivity disorder; and post-traumatic stress disorder. (PageID.37.) At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled any physical or mental impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (PageID.37–40.)

The ALJ found that Plaintiff retained the RFC to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(a), except:

> [F]or every 30 minutes sitting or standing, this individual will need to change position, while remaining on task at the workstation. The claimant can frequently push and pull with the bilateral lower extremities. The claimant can never climb ladders, ropes, or scaffolds, kneel, or crawl. The claimant can occasionally climb ramps and stairs, balance, stoop, crouch. The claimant can never overhead reach with the right upper extremity. The claimant frequently overhead reach with the left upper extremity. The claimant can never work around extreme cold, vibration, nor work around hazards, such as unprotected heights or unguarded or unprotected moving mechanical parts. The claimant can understand, remember, and carry out simple instructions, and make simple work-related decisions. The claimant can tolerate occasional changes in the routine work environment. The claimant can have frequent interaction with coworkers and supervisors, and occasional, superficial interaction with the public. The claimant can never work at a production rate pace, such as on an assembly line.

(PageID.40–41.)

At step four, the ALJ determined that Plaintiff was unable to perform his past relevant work as a painter, as his RFC limited him to unskilled work performed at the sedentary level. (PageID.45.) The burden of proof then shifted to the Commissioner to establish by substantial evidence that a significant number of jobs exist in the national economy that Plaintiff could perform. *See Richardson*, 735 F.2d at 964. Based on testimony from the VE, the ALJ found that an individual of Plaintiff's age, education, work experience, and RFC could perform the jobs of ink printer, table worker, and dial marker, approximately 81,000 of which existed in the national economy. (PageID.46.) This represents a significant number of jobs. *See, e.g., Taskila v. Comm'r*

*of Soc. Sec.*, 819 F.3d 902, 905 (6th Cir. 2016) ("[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant'"). Therefore, the ALJ concluded that Plaintiff was not disabled.

## **DISCUSSION**

Plaintiff raises two issues in his appeal: (1) the ALJ failed properly to evaluate the opinion of his treating source, Nidia O. Miedema, M.D.; and (2) having rejected every physical opinion of record, the ALJ improperly inserted his own lay medical opinion in formulating Plaintiff's RFC. (ECF No. 11 at PageID.2655.)

**I.      Dr. Miedema's Opinion**

A claimant's RFC represents the "most [a claimant] can still do despite [her] limitations." *Sullivan v. Comm'r of Soc. Sec.*, 595 F. App'x 502, 505 (6th Cir. 2014); *see also* SSR 96-8P, 1996 WL 374184 at *1 (Social Security Administration, July 2, 1996) (a claimant's RFC represents her ability to perform "work-related physical and mental activities in a work setting on a regular and continuing basis," defined as "8 hours a day, for 5 days a week, or an equivalent work schedule"). "An RFC is an 'administrative finding,' and the final responsibility for determining an individual's RFC is reserved to the Commissioner." *Shepard v. Comm'r of Soc. Sec.*, 705 F. App'x 435, 442 (6th Cir. 2017). In determining a claimant's RFC, the ALJ considers medical source statements and all other evidence of record. 20 C.F.R. §§ 404.1545(a)(3) and 416.945(a)(3).

In articulating Plaintiff's RFC, the ALJ evaluated the opinion evidence pursuant to 20 C.F.R. §§ 404.1520c and 416.920c. Under that regulation, the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)," even an opinion from a treating source. 20 C.F.R. §§ 404.1520c(a) and 416.920c(a). Instead, an ALJ will articulate his or her determination of the

6

persuasiveness of a medical opinion "in a single analysis using the factors listed in paragraphs (c)(1) through (c)(5) of this section, as appropriate." 20 C.F.R. §§ 404.1520c(b)(1) and 416.920c(b)(1). Those factors include: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors which tend to support or contradict the opinion. 20 C.F.R. §§ 404.1520c(c)(1)–(5) and 416.920c(c)(1)–(5). In general, the ALJ must explain his or her consideration of the supportability and consistency factors, but is not required to explain how the remaining factors were considered. 20 C.F.R. §§ 404.l520c(b)(2) and (3) and 416.920c(b)(2) and (3). The regulations explain "supportability" and "consistency" as follows:

> (1) Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. §§ 404.1520c(c)(1)–(2) and 416.920c(c)(1)–2.

The ALJ is to conduct this analysis with regard to all medical source opinions and prior administrative findings, but is not required to give controlling weight to an opinion from any particular source. The former rule, well-known as "the treating physician rule[,] no longer applies." *See Takacs v. Kijakazi*, No. 1:20-cv-02120, 2022 WL 447700, at *9 (N.D. Ohio Jan. 26, 2022), *report and recommendation adopted*, 2022 WL 445767 (N.D. Ohio Feb. 14, 2022). "'Although the new standards are less stringent in their requirements for the treatment of medical opinions, they still require that the ALJ provide a coherent explanation of [his] reasoning.'" *Sadger v. Comm'r of Soc. Sec.*, No. 2:20-cv-11900, 2021 WL 4784271, at *13 (E.D. Mich. Aug. 23, 2021), *report and recommendation adopted*, 2021 WL 4316852 (E.D. Mich. Sept. 23, 2021) (quoting

7

*White v. Comm'r of Soc. Sec.*, No. 1:20-CV-588, 2021 WL 858662, at *21 (N.D. Ohio Mar. 8, 2021)).

Plaintiff contends that the ALJ erred by failing to properly evaluate the February 18, 2021 opinion of his treating provider, Dr. Nidia O. Miedema, M.D. The ALJ discussed Dr. Miedema's opinion as follows:

> Nidia Miedema, M.D., opined that the claimant could frequently lift ten pounds, sit and stand or walk for less than 2 hours in an 8-hour workday, and would need a 10 to 15-minute break every 30 minutes (B17F). This opinion is unpersuasive due to its inconsistency with the claimant's physical examination results, treatment provider observations, and the claimant's activities of daily living.

(PageID.44.) Plaintiff contends that the ALJ's analysis fails to comply with the governing regulation because the ALJ wholly failed to address the supportability factor and cited no evidence supporting or explaining his finding that Dr. Miedema's opinion was inconsistent with Plaintiff's "physical examination results," and "treatment provider observations." (ECF No. 11 at PageID.2671–72.)

To begin, it is well established that an ALJ "must articulate, at some minimum level, his analysis of the evidence to allow the appellate court to trace the path of his reasoning." *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995); *see also Stacey v. Comm'r of Soc. Sec.*, 451 F. App'x 517, 519 (6th Cir. 2011) (noting that the ALJ "must say enough 'to allow the appellate court to trace the path of his reasoning'" (quoting *Diaz*, 55 F.3d at 307). "It is more than merely helpful for the ALJ to articulate reasons . . . for crediting or rejecting particular sources of evidence. It is absolutely essential for meaningful appellate review." *Hurst v. Sec'y of Health & Human Servs.*, 753 F.2d 517, 519 (6th Cir. 1985) (internal quotation marks omitted). Thus, as one court has observed in the context of discussing the regulation at issue here, the ALJ "has the obligation in the first instance to show his or her work, i.e., to explain in detail *how the factors actually were applied* in each case, to each medical source." *Hardy v. Comm'r of Soc. Sec.*, 554 F. Supp. 3d 900,

8

909 (E.D. Mich. 2021). At the same time, Sixth Circuit cases instruct that a court is to consider an ALJ's decision as a whole. *See Hill v. Comm'r of Soc. Sec.*, 560 F. App'x 547, 551 (6th Cir. 2014) (noting that the ALJ's entire decision must be considered); *Crum v. Comm'r of Soc. Sec.*, 660 F. App'x 449, 457 (6th Cir. 2016) (affirming ALJ evaluation of opinion where "[e]lsewhere in her decision, the ALJ laid out in detail the treatment records" undercutting the opinion). "So long as the ALJ's decision adequately explains and justifies its determination as a whole, it satisfies the necessary requirements to survive this court's review." *Norris v. Comm'r of Soc. Sec.*, 461 F. App'x 433, 440 (6th Cir. 2012).

If review of an ALJ's evaluation of a medical opinion for proper application of regulatory factors were limited solely to the ALJ's discussion of the opinion, Plaintiff's argument would have merit. The ALJ did not support his cursory findings that the opinion was inconsistent with "physical examination results," "treatment provider observations," and Plaintiff's "activities of daily living" with citation to medical evidence. His limited discussion would not satisfy the articulation requirements. However, as the Sixth Circuit permits, the ALJ's rationale and corresponding support can be found elsewhere in the decision. Immediately preceding his discussion of the opinion evidence, the ALJ observed that Plaintiff's physical examinations had been relatively unremarkable. (PageID.43.) As support of this finding, the ALJ cited two treatment notes in which Dr. Miedema noted on examination that Plaintiff did not appear to be in pain. (PageID.43, 2168, 2174.) Both treatment records were from visits that occurred several months before Plaintiff's alleged onset date, but Dr. Miedema made similar findings at other visits during the relevant period. (PageID.2399, 2409, 2414, 2428, 2433, 2439, 2573, 2606, 2612.) Because "[j]udicial review of the ALJ's findings must be based on the record as a whole, . . . this court can consider any evidence in the record," even if the ALJ did not cite it. *Dykes ex rel. Brymer v.*

9

*Barnhart*, 112 F. App'x 463, 467 (6th Cir. 2004) (citing *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001)). Moreover, while the ALJ did not specifically cite these records, his decision indicates that he considered the entire record. (PageID.40, 44–45.) *See Simons v. Barnhart*, 114 F. App'x 727, 733 (6th Cir. 2004) (noting that "an ALJ's failure to cite specific evidence does not indicate that it was not considered"). The ALJ also recognized Dr. Miedema's positive findings of painful symptoms during the same period, including "gait stiffness, spasm, and a need to change position from sitting to standing" (PageID.43, 2557), but he accounted for them in the physical RFC by inclusion of appropriate limitations, such as the ability to change positions from sitting to standing every 30 minutes while remaining on task. (PageID.43, 44.) The ALJ also observed that Plaintiff had received a "relatively static and conservative treatment regimen," consisting of medication to manage his symptoms. In this regard, the ALJ noted that, in April 2019, Plaintiff had reported to Dr. Miedema that he had been out of his medication for about two weeks because his daughter had taken and sold his pills, but Plaintiff told Dr. Miedema that he would "just deal with the pain" in that situation. (PageID.42, 43, 2431.) Finally, the ALJ found that Plaintiff's impairments had limited his recreational and social activities, but he retained the ability to perform activities of daily living such as helping to raise his niece and nephew, taking care of household pets, shopping, driving a car, and preparing simple meals, suggesting that Plaintiff was not as limited as he claimed. (PageID.43, 576, 2358.) This was an appropriate basis to discount Dr. Miedema's opinions. *See Kidd v. Comm'r of Soc. Sec.*, 283 F. App'x 336, 342 (6th Cir. 2008) ("The ALJ additionally found that Dr. West's conclusion was inconsistent with Kidd's daily activities and credibility as a whole.").

As for the ALJ's failure to address the supportability factor, I conclude that any error was harmless. Dr. Miedema's opinion (PageID.2489–90) was what the Sixth Circuit commonly refers

to as a "check-box" opinion—an opinion "not accompanied by any explanation." *Hernandez v. Comm'r of Soc. Sec.*, 644 F. App'x 468, 474-75 (6th Cir. 2016). Such an "opinion is so patently deficient that the Commissioner could not possibly credit it." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 547 (6th Cir. 2004). Even under the former "treating physician" rule requiring an ALJ to give good reasons for according a treating physician's opinion less than controlling weight, the Sixth Circuit found "check-box" opinions to be "weak evidence" of little use to an ALJ in determining a claimant's RFC, and held that they meet the "patently deficient standard" for purposes of harmless error. *See Pruitt v. Comm'r of Soc. Sec.*, No. 22-2152, 2022 WL 4517094, at *4 (6th Cir. Sept. 28, 2022) (citing *Hernandez*, 644 F. App'x at 474–75); *accord Shepard v. Comm'r of Soc. Sec.*, 705 F. App'x 435, 441 (6th Cir. 2017); *Toll v. Comm'r of Soc. Sec.*, No. 1:16-CV-705, 2017 WL 1017821, at *4 (W.D. Mich. Mar. 16, 2017) (the ALJ's failure to provide good reasons for not crediting the physician's opinion was harmless where the check-box opinion contained only a diagnosis and a statement about the plaintiff's reported side effects of his medication without any explanation as to how the diagnosis imposed severe restrictions on his ability to work). An ALJ's failure to cite a lack of explanation is no bar to application of the harmless error doctrine. *See Gallagher v. Berryhill*, No. 5:16-cv-1831, 2017 WL 2791106, at *9 (N.D. Ohio June 12, 2017), *report and recommendation adopted*, 2017 WL 2779192 (N.D. Ohio June 27, 2017) (noting that the Sixth Circuit found harmless error in *Ellars v. Commissioner of Social Security*, 647 F. App'x 563 (6th Cir. 2016), even though the ALJ had not raised the check-box format of the opinion as a reason for discounting it).

Relatedly, Plaintiff faults the ALJ for failing to consider two of Dr. Miedema's opinions from a prior adjudicated period. (ECF No. 11 at PageID.2673 (citing PageID.1013, 1071).)

11

Plaintiff asserts that these additional opinions were important because they were close in time and were highly consistent with Dr. Miedema's February 18, 2021 opinion.

Plaintiff fails to demonstrate error. First, as Defendant notes, both of these opinions were from a prior period in which an ALJ found Plaintiff not disabled. Thus, they are not reflective of Plaintiff's condition during the period under consideration. Second, the ALJ considered and evaluated Dr. Miedema's most recent opinion relating to Plaintiff's condition during the period under consideration. Finally, as Plaintiff concedes, the two prior opinions were largely consistent with Dr. Miedema's February 18, 2021 opinion, which the ALJ found unpersuasive in light of the evidence of record. Hence, Plaintiff fails to demonstrate that the prior opinions would have materially altered the ALJ's analysis. *See Imm v. Comm'r of Soc. Sec.*, No. 2:20-cv-11943, 2021 WL 8013980, at *5 n.4 (E.D. Mich. Dec. 29, 2021), *report and recommendation adopted*, 2022 WL 779774 (E.D. Mich. Mar. 14, 2022) (finding no error in the ALJ's failure to discuss an earlier medical opinion that was "substantially similar" to a later opinion pertaining to the same period under consideration).

## II.     ALJ's Reliance on His Own Opinion

Plaintiff also contends that the ALJ erred by relying on his own lay opinion to formulate Plaintiff's RFC because the record contained complex diagnostic evidence, including x-rays and MRIs, that had not been reviewed by a medical source. Plaintiff argues that because the ALJ rejected every medical opinion relating to Plaintiff's physical ability to perform work-like activities, he was left to rely on his own lay interpretation of the medical evidence in determining the physical portion of the RFC.

The opinions concerning Plaintiff's physical abilities came from three sources: (1) State agency consultants Byong-Du Choi, M.D., and Natilie Gray, M.D.; (2) Laura Fodor, RN; and (3) Dr. Miedema. The State agency consultants opined that Plaintiff was capable of performing light

work. (PageID.356, 379.) The ALJ found these opinions not persuasive because he determined that the medical record showed that Plaintiff was limited to sedentary work with additional environmental and mental limitations. (PageID.43.) Ms. Fodor opined that Plaintiff could not stand without an assistive device and could not squat down and return to the standing position. (PageID.2072.) The ALJ found this opinion unpersuasive as internally inconsistent. (PageID.43.) The ALJ found Dr. Miedema's opinion unpersuasive for the reasons set forth above.

As already noted, it is the ALJ, not a physician, who is charged with the responsibility of determining a claimant's RFC based on the evidence as a whole. 20 C.F.R. §§ 404.1545(a)(1), (3), 416.945(a)(1), (3); *see also Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 157 (6th Cir. 2009) (stating that "an ALJ does not improperly assume the role of a medical expert by assessing the medical and non-medical evidence before rendering a residual functional capacity finding"). "Although the RFC must be supported by evidence of record, it need not correspond to, or even be based on any specific medical opinion." *Simon v. Comm'r of Soc. Sec.*, No. 2:16-CV-259, 2017 WL 1017733, at *6 (S.D. Ohio Mar. 16, 2017), *report and recommendation adopted*, 2017 WL 3172717 (S.D. Ohio July 25, 2017) (citing *Brown v. Comm'r of Soc. Sec.*, 602 F. App'x 328, 331 (6th Cir. 2015)). The ALJ was not "playing doctor" in this instance because all of these imaging studies had been reviewed and read by a radiologist. (PageID.2620, 2622–24.) Therefore, the ALJ properly formulated his RFC on the entire record, and the absence of a corresponding medical opinion is of no moment. *See Van Pelt v. Comm'r of Soc. Sec.*, No. 1:19 CV 2844, 2020 WL 7769729, at *12 (N.D. Ohio Dec. 30, 2020) ("If it can be supported for an ALJ to reject all medical opinion evidence of record and formulate an RFC based on the record as a whole, then it certainly can also be supported for an ALJ to rely (in part) on outdated medical opinions without obtaining updated opinion evidence, so long as the ALJ's ultimate decision is supported by substantial

13

evidence.") (citing *Mokbel-Aljahmi v. Comm'r of Soc. Sec.*, 732 F. App'x 395, 401–02 (6th Cir. 2018), and *McGrew v. Comm'r of Soc. Sec.*, 343 F. App'x 26, 32 (6th Cir. 2009)).

Accordingly, this ground lacks merit.

## CONCLUSION

For the foregoing reasons, I recommend that the Commissioner's decision be **affirmed**.


Dated: October 5, 2023                                    /s/ Sally J. Berens
                                                          SALLY J. BERENS
                                                          U.S. Magistrate Judge

## NOTICE

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within that time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).